ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
In re:  : Chapter 11
:
WORLDCOM, INC., *et al.*,  : Case No. 02-13533 (AJG)
: (Jointly Administered)
Debtors.  : (Confirmed)
:
------------------------------x
:
MCI WORLDCOM COMMUNICATIONS,  : — 94011
:
Plaintiff,  :
:
- against -  : Adv. Proc. No. 04-04338 (RJH) (AJG)
:
COMMUNICATIONS NETWORK  : **MEMORANDUM**
INTERNATIONAL, LTD.,  : **OPINION AND ORDER**
:
Defendant.  :
:
------------------------------x

Communications Network International, Ltd. ("CNI") requests leave to file an interlocutory appeal from an order issued by the bankruptcy court of the Southern District of New York (Gonzales, J.) granting in part a motion for judgment on the pleadings filed by MCI WorldCom Communications, Inc. ("WorldCom"). For the reasons stated below, the Court denies CNI's motion for leave to appeal.

## BACKGROUND

In February 2001, WorldCom filed suit against CNI in the United States District Court for the Eastern District of Pennsylvania to recover unpaid amounts for telecommunications services, basing its claims on theories of contract, negotiable instrument, *quantum meruit*, and unjust enrichment ("Pennsylvania Action"). CNI

counterclaimed for fraud, intentional nondisclosure, breach of contract, and defamation based on the companies' prior business relations.[1] In 2002, WorldCom and certain of its subsidiaries filed for bankruptcy under Chapter 11 of the Bankruptcy Code in the Southern District of New York. *In re WorldCom Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. 2002) (Gonzales, J.). By order dated October 29, 2002, the bankruptcy court set a January 23, 2003 deadline for filing of a proof of claim against WorldCom. CNI filed a timely proof of claim, reasserting the counterclaims that it had filed in the Pennsylvania Action. WorldCom objected to the claim and initiated an adversary proceeding against CNI, reasserting the complaint that was the subject of the Pennsylvania Action.

WorldCom moved for judgment on the pleadings dismissing all of CNI's counterclaims and ruling in favor of WorldCom on the issue of CNI's liability. CNI responded with a motion to file responses *nunc pro tunc* and a cross-motion for judgment on the pleadings. In an opinion dated March 13, 2006, the bankruptcy court, *inter alia*, granted WorldCom's motion in part, dismissing all of CNI's claims against WorldCom ("March 13, 2006 Opinion"). On April 4, 2006, the bankruptcy court signed an interlocutory order consistent with this opinion ("April 4, 2006 Order"). On April 10, 2006, CNI filed a notice of appeal, appealing this order to the United States District Court for the Southern District of New York. On Jun 29, 2006, CNI filed a motion seeking to have the Court consider this notice of appeal as a timely filed motion for leave to appeal and grant it leave to appeal the April 4, 2006 Order.

---

[1] The factual bases of these claims and counterclaims are set out in detail by Bankruptcy Judge Gonzales in his opinion dated March 13, 2006 that is the subject of this motion for leave to appeal. For convenience, the Court attaches that opinion hereto.

2

## DISCUSSION

Under 28 U.S.C. § 158, districts courts are vested with appellate jurisdiction over bankruptcy court rulings. Although "final orders of a bankruptcy court may be appealed to the district court as of right, 28 U.S.C. § 158(a)(1), appeals from non-final bankruptcy court orders may be taken only 'with leave' of the district court." *In re Orange Boat Sales*, 239 B.R. 471, 472 (S.D.N.Y. 1999). CNI does not argue that Judge Gonzales's order was final and therefore its appeal is as of right. *See In re Pan Am Corp.*, 159 B.R. 396, 400 (S.D.N.Y. 1993) (holding dismissal of counterclaims against one party not to be final order for which party could appeal as of right because it was not certified as final under Rule 54(b)). Instead, CNI moves the Court to grant it leave to appeal.

CNI filed a notice of appeal with the bankruptcy court within ten days of Judge Gonzales' order, but failed to file a motion for leave to appeal within the statutory time limit. However, under Rule 8003(c) of the Federal Rules of Bankruptcy Procedure, this mistake is not fatal to the motion for leave to appeal. Rule 8003(c) provides:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court . . . may also deny leave to appeal but in doing so shall consider the notice of appeal as a motion for leave to appeal.

The Court will therefore treat the notice of appeal as a motion for leave to appeal, in conjunction with CNI's subsequently filed supporting papers. Nonetheless, the Court denies this motion.

While neither the Bankruptcy Code nor the Federal Rules of Bankruptcy provide standards for evaluating a motion for leave to appeal, the majority of courts have applied the analogous standard for certifying an interlocutory appeal set forth in 28 U.S.C. §

3

1292(b). *See, e.g., In re Alexander*, 248 B.R. 478, 483 (S.D.N.Y. 2000); *In re Johns-Manville Corp.*, 45 B.R. 833, 835 (S.D.N.Y. 1984). 28 U.S.C. § 1292(b) provides that leave should only be granted if the order being appealed (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The Second Circuit has held that the district court's power to grant an interlocutory appeal should not be "liberally construed," *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 921 F.2d 21, 24–25 (2d Cir. 1990), and that district courts should "exercise great care in making a § 1292(b) certification," *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). *See also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[U]se of this certification procedure should be strictly limited because only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'") (citations and quotations omitted). *But see In re Manville Forest Prods. Corp.*, 31 B.R. 991, 995 n.5 (S.D.N.Y. 1983) (applications for leave to appeal should be liberally granted where it can help the expeditious resolution of the case).

"In regard to the first prong, the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re WorldCom*, No. M-47 (HB), 2003 U.S. Dist. LEXIS 11160, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quotations omitted). The question must also be "controlling," in that the reversal of the order would terminate the action (for example, denial of a motion to dismiss), or at the very least its resolution would materially affect

4

the outcome of the litigation. *See In re XO Commc'ns, Inc.*, No. 03 Civ. 1898 (DC), 2004 U.S. Dist. LEXIS 2879, 2004 WL 360437, at *3 (S.D.N.Y. Feb. 26, 2004).

In this case, the bankruptcy court order at issue granted WorldCom's motion for judgment on the pleadings insofar as it dismissed CNI's counterclaim. The resolution of this order on appeal would materially affect the outcome of the litigation: A successful appeal will allow CNI's claims to proceed while an unsuccessful appeal would terminate all its claims against WorldCom. However, there is significant doubt as to whether CNI raises a pure question of law not requiring a thorough examination of the record. In its motion papers, CNI accepts that the bankruptcy court stated the correct legal standard for application of WorldCom's defense, but argues that its particular claims are not subject to that defense. (Appellant's Mem. of L. at 4.) The operative question, even as it is presented by CNI, is whether its tort claims are wholly independent from any contract claims and not in conflict with any applicable tariff. (*Id.* at 4–5.) The Court therefore finds that at most, the question presented for interlocutory appeal is a mixed question of law and fact not generally suitable for interlocutory appeal.

The second prong, whether there is substantial ground for a difference of opinion as to the question of law, requires a genuine doubt as to whether the bankruptcy court applied the correct legal standard. *In re WorldCom*, 2003 WL 21498904, at *10. "It is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor*, 79 F.3d at 284 (quotation omitted).

CNI argues that the bankruptcy court misapplied the Filed Rate Doctrine in dismissing its counterclaims. The Filed Rate Doctrine prevents a regulated carrier from

5

charging rates that conflict with the published tariff. *Am. Tel. & Tel. Co. v. Cent. Office Tel., Inc.*, 524 U.S. 214, 222 (1998). It is intended to prevent discrimination between customers and preserve the exclusive role of federal agencies in approving rates. *Fax Telecommunicaciones, Inc. v. AT&T*, 138 F.3d 479, 489 (2d Cir. 1998). The doctrine applies not only to contract claims alleging excessive price or inadequate services, but also to some tort claims. As correctly stated by the bankruptcy court, the Filed Rate Doctrine bars tort claims that are "wholly derivative of [a] contract claim for additional or better services." *Cent. Office.*, 524 U.S. at 235.

CNI argues that the bankruptcy court misread the clear rule that the Filed Rate Doctrine does not preempt all state law claims in dismissing its tort claims. (Appellant's Mem. of L. at 5.) On the contrary, the bankruptcy court carefully reviewed CNI's tort claims and determined that only the claims based on fraud and misrepresentation were barred by the Filed Rate Doctrine. (March 13, 2006 Opinion 15.) CNI's other claims of slamming[2] and defamation were dismissed on other grounds that are not challenged in CNI's motion for leave to appeal.[3] In considering whether the Filed Rate Doctrine barred the fraud and misrepresentation claims, the bankruptcy court found these claims to be based on promises regarding the business relationship between WorldCom and CNI and therefore derivative of its contract claims. (*Id.* at 13–14.) The Court finds that the bankruptcy court laid out the correct legal standard and, while deferring a definitive ruling on the issue pending an eventual appeal, concludes that there is no substantial ground for a difference of opinion as to a controlling question of law.

---

[2] "Slamming" is the unauthorized change of a customer's telecommunications service.
[3] CNI argues that the bankruptcy judge incorrectly applied the Filed Rate Doctrine to its claims that "revolve around issues of . . . trade disparagement." (Appellant's Mem. of L. at 5.) In fact, the bankruptcy judge explicitly found the Filed Rate Doctrine did not bar CNI's defamation claim.

6

The final question is whether an interlocutory appeal would materially advance the ultimate termination of the litigation. For example, reversing on appeal a denial of a motion to dismiss would clearly hasten the termination of the litigation. Both WorldCom's claims and CNI's counterclaims are based on the same operative facts. If we deny leave to appeal, but CNI is ultimately successful on an appeal of the final judgment, then few additional facts will need to be developed to evaluate CNI's claims. However, granting CNI leave to appeal at this juncture will result in piecemeal litigation in this Court and in bankruptcy court, the likelihood of multiple appeals, and delay in the entry of final judgment. Therefore, an interlocutory appeal would not materially advance the ultimate termination of the litigation. After applying the factors outlined in 28 U.S.C. § 1292(b) to the present case, the Court finds nothing to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

## CONCLUSION

For the foregoing reasons, the Court denies CNI's motion for leave to appeal.

SO ORDERED.

Dated: New York, New York
December 6, 2006

Richard J. Holwell
United States District Judge

7