**HEARING DATE AND TIME: October 23, 2007, 2007 at 10:00 A.M. E.T.**
**RESPONSE DEADLINE: October 17, 2007, 2007 at 4:00 P.M. E.T**

STINSON MORRISON HECKER LLP
Attorneys for Debtors and Plaintiff
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Mark A. Shaiken, Esq.
Angela G. Heppner, Esq.
Jodi M. Hoss, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re                                                  :
                                                       :   Chapter 11
WORLDCOM, INC., et al.,                                :   Case No. 02-13533 (AJG)
                                                       :
                                                       :   (Jointly Administered)
                                                       :
                    Debtors.                           :
                                                       :
MCI WORLDCOM                                           :
COMMUNICATIONS, INC. f/k/a                             :
WORLDCOM TECHNOLOGIES, INC.,                           :
                                                       :
                    Plaintiff                          :
                                                       :
           v.                                          :   Adversary Proceeding No. 04-04338 (AJG)
                                                       :
COMMUNICATIONS NETWORK                                 :
INTERNATIONAL, LTD.,                                   :
                                                       :
                    Defendant.                         :
------------------------------------------------------- x

**DEBTOR'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
COMMUNICATIONS NETWORK INTERNATIONAL, LTD'S
<u>DEMAND FOR A JURY TRIAL</u>**

MCI WorldCom Communications, Inc. n/k/a MCI Communications Services, Inc.

("Plaintiff" or "Debtor") hereby files this memorandum in support of its motion to strike

Communications Network International, Ltd.'s ("CNI") demand for a jury trial.

DB03/048629 0134/8067494.3

## BACKGROUND

Prior to the commencement of these bankruptcy cases, CNI and the Debtor entered into a contractual relationship in which CNI resold Debtor's telecommunications services to CNI's own customers. *In re WorldCom*, 2007 WL 1989262, *1 (Bankr. S.D.N.Y. July 9, 2007). The relationship was governed by certain contracts—the Intelenet Agreement and later the WorldCom Rebiller Service Agreement—which incorporated applicable tariffs. *See id.*

In these bankruptcy cases, on January 22, 2003, CNI filed proof of claim no. 22206 and 22183, seeking in excess of $17 million from the Debtor based on allegations of breaches of oral promises, fraud, and misbillings. The Debtor objected to claim no. 22206 (dkt. 12407) and brought this adversary proceeding objecting to claim no. 22183 and seeking recovery from CNI for unpaid services provided by the Debtor to CNI under the relevant contract and tariffs. In the response to the objection to claim no. 22206 (dkt. 12604), CNI did not demand a jury trial. In the answer to this adversary proceeding, however, CNI did demand a jury trial.[1]

On May 24, 2005, this Court expunged claim no. 22206 as a duplicative claim. (dkt. 16097). On March 13, 2006, this Court ruled that claim no. 22183 was disallowed under the filed rate doctrine (case no. 04-04338 dkt. 33). The remaining issue before this Court is how much CNI owes to the Debtor for unpaid services under the contracts and tariffs. At a pre-trial conference conducted on September 25, 2007, counsel for CNI stated that his client was still seeking a jury trial on the remaining issue and the Court set October 5, 2007 as the deadline for the Debtor to object to the jury demand and file a brief in support of its objection. As set forth hereafter, CNI is not entitled to a jury trial of any of the remaining issue in this case.

---

[1] The jury trial demand appears on the first page of CNI's answer under the case number.

**ARGUMENT**

In *Granfinanciera, S.A. v. Nordberg (In re Granfinanciera)*, 492 U.S. 33, 42 (1989), the Supreme Court held that:

> a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate, not upon Congress' precise definition of the "bankruptcy estate" or upon whether Congress chanced to deny jury trials to creditors who have not filed claims and who are sued by a trustee to recover an alleged preference.  Because petitioners here . . . have not filed claims against the estate, respondent's fraudulent conveyance action does not arise "as part of the process of allowance and disallowance of claims." Nor is that action integral to the restructuring of debtor-creditor relations.

*Id.* at 58.  The Court also instructed:

> As *Katchen* makes clear, however, by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate.

*Id*. at 59.  *Accord Lagencamp v. Culp*, 498 U.S. 42, 45 (1990) (no right to jury trial in preference action if proof of claim filed).

Thus, *Granfinanciera* instructs that even if a party might be entitled to a jury trial outside of bankruptcy, in a bankruptcy case the jury trial right can be waived if a claim is submitted or if the party submits itself to the bankruptcy court's equitable powers to adjust claims.  This holding is reflected in the core proceedings list of 28 U.S.C. § 157 in which both objections to proofs of claim and counterclaims in the claim objection process are designated as core proceedings.  *See* 28 U.S.C. §§ 157(b)(2)(B) and (C).

The holding in *Granfinanciera* has been applied repeatedly to deny a jury trial to a claimant whose claim was both the subject of a claim objection and a bankruptcy estate's affirmative claim for relief.  For example, in *Ernst & Young v. Bankruptcy Services, Inc. (In re CBI Holding Co.),* 311 B.R. 350 (S.D.N.Y 2004), the court addressed issues quite similar to this

3

case and held that a creditor had no right to a jury trial. In *CBI*, Ernst and Young ("E&Y") was the debtor's pre-bankruptcy accounting firm and issued unqualified audit opinions. The debtor commenced a chapter 11 bankruptcy case and E&Y filed a $210,850 proof of claim (the "E&Y Claim"). The creditors committee filed an objection to the E&Y Claim. After the plan was confirmed, a disbursing agent was appointed (the "DA"), and the claim objection was assigned to the DA. The DA then filed an adversary proceeding against E&Y alleging breach of contract, negligence, misrepresentation, fraud, and breach of fiduciary duty, and sought to expunge the E&Y proof of claim. The court denied withdrawal of the reference and ruled that the claim objection and the adversary proceeding arose out of the same transaction and facts. *Id*. at 364. The court held that E&Y had no right to a jury trial on any of the issues:

> Because the filing of a claim against the bankruptcy estate triggers the process of "allowance and disallowance of claims," a creditor who files such a claim subjects itself to the bankruptcy court's equitable jurisdiction. . . . . If that creditor is met with an adversary proceeding, the resolution of which affects the restructuring of debtor creditor . . . relations, then the creditor loses its Seventh Amendment right even if the adversary proceeding concerns traditionally legal claims . . . . Accordingly, a creditors right to a jury trial on traditionally legal claims arising in an adversary proceeding depends on: (1) whether the creditor has filed a proof of claim against the bankruptcy estate . . . and (2) whether the resolution of the proceeding affects the allowance of the claim . . . .

*Id.* at 365.

Similarly in *In re Adelphia Communications Corp.*, 307 B.R. 404 (Bankr. S.D.N.Y. 2004), the court observed:

> The [claimants] did not seriously argue, as they could not, that the submission to bankruptcy court jurisdiction that results from the filing of a proof of claim is limited to the adjudication of the claim itself. *Katchen*, *Lagenkamp*, and their progeny upheld the imposition of bankruptcy jurisdiction even when the estate goes on the offensive, as plaintiff, following the filing of a proof of claim, and consistently speak of submission to the jurisdiction of the bankruptcy court, or its equitable jurisdiction to determine claims against the estate, as a consequence of the filing of a proof of claim. They do not distinguish between matters in which the estate is a plaintiff seeking to recover additional assets . . . and matters when the estate is defending a claim to share in the estate's own assets.

4

Id. at 419-20.[2]

Similarly, in *McCleelland v. Braverman Kaskey & Caprara, P.C. (In re McClelland)*, 332 B.R. 90, 91-92 (Bankr. S.D.N.Y. 2005), several law firms had filed claims against the debtor for pre-petition services they claimed to have performed. The debtor objected to the proofs of claim and filed counterclaims against the claimants seeking affirmative relief alleging negligence and legal malpractice. The court found that, because the claimants' claims and the debtors' objection and counterclaims were "integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction," the claimants were not entitled to a jury trial. *Id.* at 91 (inner citation and quotations omitted).

Other jurisdictions also deny a jury trial to a claimant on the estate's claims. For example, in *In re Efficient Solutions, Inc.*, 2000 WL 1876356 (E.D. La. 2000), before bankruptcy, EIS and Mapco Petroleum entered into a contract to provide energy savings devices. EIS sued Mapco in Louisiana state court for breach of contract, and Mapco sued EIS in Tennessee state court for breach of contract and negligent misrepresentation, and asserted the same grounds in a counterclaim in the Louisiana action. EIS's successor commenced a bankruptcy case, Mapco filed a proof of claim for alleged damages under the contract, and the debtor objected to the claim and counterclaimed for damages alleging Mapco breached the contract. The court denied Mapco's demand for a jury trial holding that Mapco had:

---

[2] In *Germain v. Connecticut Nat'l Bank*, 988 F. 2d 1323 (2nd Cir. 1993), the trustee brought a lender liability action against a bank. The plaintiff trustee sought a jury trial and the bank argued that the jury trial right had been waived by the trustee because the voluntary bankruptcy case waived the plaintiff's jury rights. The court rejected the bank's argument because the action was a lender liability action that did not "bear directly on the allowance of a claim . . . integrally related to the equitable reordering of debtor-creditor . . . relations." *Id.* at 1329. Rather, the lender liability action was not required in order to determine whether to allow the bank's claim. As the cases above make clear in interpreting *Germain*, where the proof of claim and the affirmative action seeking damages from the claimant arise out of the same facts and contract, the action bears directly on the allowance of the claim and the jury trial is waived. Moreover, *Germain* involved whether the plaintiff chapter 7 trustee waived a jury right, not whether the claimant, by filing the proof of claim had waived its jury right. Indeed, *Germain* did not address whether the bank claimant had waived its right to a jury trial by filing a proof of claim.

> no right to a jury trial on the debtor's counterclaim which is based on the same transaction as Mapco's claim. The counterclaim would have a direct effect on the allowance of Mapco's claim because it asserts that Mapco, not the debtor, breached the contract that is the subject of the proof of claim. Success on the counterclaim could result in disallowance of Mapco's claim.

*Id.* at *6 (citing *Germain*).

Finally, numerous courts have held that a claimant has no right to a jury trial on counterclaims it files to a trustee's action, recognizing that the submission of a claim waives the right to a jury trial on all issues presented by the claim - both the estate's attempts to collect from the claimant and the claimant's defenses and counterclaims thereto. For example, in *O'Neill v. New England Road, Inc.*, 2000 WL 435507 (D. Conn. 2000), the trustee commenced an action against a claimant seeking recovery for fraudulent transfers, breach of fiduciary duty and diversion of corporate opportunities. The defendant, who filed a proof of claim, counterclaimed alleging breach of contract, quantum meruit, and recoupment. The court rejected the jury trial demand by the claimant and held: "numerous courts have construed counterclaims filed in an adversary proceeding instituted by a trustee or debtor in possession as claims against the bankruptcy estate that divest a defendant in an adversary proceeding to the right to a jury trial." *Id.* at *7. *Accord Peachtree Lane Assocs. v. Granader*, 175 B.R. 232 (Bankr. N.D. Ill. 1994) (no jury trial on counterclaims where debtor brought adversary proceeding against adjoining landowners for their alleged breach of easement and unauthorized entry and trespass on debtor's land and defendants counterclaimed for debtor's alleged slander of title, commercial disparagement, tortious interference with prospective economic advantage, breach of easement, unjust enrichment, and deceptive trade practices); *Hudson v. Richmond Steel & Welding Co. (In re Hudson)*, 170 B.R. 868 (E.D.N.C.1994) (no jury trial on counterclaims where debtor sued for money owed by subcontractor and defendant subcontractor counterclaimed for damages because

6

debtor did not finish job); *Rushton v. Philadelphia Products, Inc. (In re Americana Expressways, Inc.)*, 161 B.R. 707, 712 (D. Utah 1993) (no jury trial on counterclaim because "a creditor who files a claim against the estate submits itself to the equity jurisdiction of the bankruptcy court, both on the merits of the creditor's claim and also on any contrary assertions of right by the trustee or debtor"); *Allied Companies, Inc. v. Holly Farms Foods, Inc. (In re Allied Companies, Inc.)*, 137 B.R. 919 (S.D. Ind. 1991) (counterclaim for reclamation of goods or a priority claim submits to bankruptcy jurisdiction and waives right to jury trial).

These cases all dictate that CNI has no right to a jury trial. CNI filed proofs of claim alleging damages in excess of $17 million owing by the debtor based on breach of contract and assorted other theories. CNI thus submitted itself to the jurisdiction of the bankruptcy court. It is beyond serious debate that the Debtor's objection to the proofs of claim is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and CNI waived any right to have the issues related to its proofs of claim tried to a jury.

In addition to the claim objection, the Debtor commenced this adversary proceeding against CNI to recover money it asserts is owed by CNI under the very same contracts and relevant tariffs.[3] The adversary proceeding is the Debtor's counterclaim to CNI's claim no. 22183, and is itself a core proceeding under 28 U.S.C. § 157(b)(2)(C). Again, it is beyond serious debate that the Debtor's claims against CNI arise out of the same contract, transaction and facts as under CNI's proof of claim.

At its core, the issue presented by the proof of claims, the claim objection, and the adversary proceeding is how much is owed under the contract and tariffs. If CNI had prevailed in its assertions that the Debtor owed it for improper charges, fraud, and breach of oral promise,

---

[3] The adversary proceeding was required because it joined a claim for affirmative relief with a claim objection. Fed. R. Bankr. P. 3007.

7

the Court would still have to resolve the extent of services provided by the Debtor to CNI for which CNI did not pay to determine the net amount of CNI's claim against the Debtor. The issues of who owes who money and how much is owed under the contract and tariffs, and under the proof of claim and the adversary proceeding, all stem from the same set of facts, agreements and tariffs, and are inseparable. Accordingly, when CNI submitted itself to this Court's jurisdiction by filing the proofs of claim, it waived its right to a jury trial as to the claim, the Debtor's objection thereto, and the adversary proceeding because all of these matter arise from the same facts, circumstances, contracts and tariffs, and all address the restructuring of the debtor creditor relationship between CNI and the Debtor in determining which entity owes money to the other and how much is owed.

## CONCLUSION

For these reasons, Debtor prays that the Court enter an order striking CNI's jury demand. CNI is not entitled to a jury trial, and its jury demand should be stricken.

Dated this 5th day of October, 2007.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By: */s/ Mark A Shaiken* _____
    Mark A. Shaiken, Esq.
    Angela G. Heppner, Esq.
    Jodi M. Hoss, Esq.
    1201 Walnut Street, Suite 2800
    Kansas City, MO  64106
    (816) 842-8600 – Telephone
    (816) 691-3495 – Facsimile

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 5, 2007, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means, including:

Howard Gershman, Esq.
W. Mark Mullineaux, Esq.
794 Penllyn Pike
Blue Bell, PA 19422
Attorneys for the Defendant

    */s/ Mark A Shaiken* _____
    Attorney for Plaintiff