UNITED STATES BANKRUPTCY COURT       Not For Publication
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                 :   Chapter 11
                                      :
WORLDCOM, INC., *et al.*,             :   Case No. 02-13533 (AJG)
                                      :   (Confirmed Cases)
            Debtors.                  :
                                      :
----------------------------------------------------------x
                                      :
MCI WORLDCOM COMMUNICATIONS, INC.,    :
f/k/a WORLDCOM TECHNOLOGIES, INC.,    :
                                      :
            Plaintiff,                :
                                      :
      v.                              :   Adv. Proc. No. 04-04338 (AJG)
                                      :
COMMUNICATIONS NETWORK                :
INTERNATIONAL, LTD.,                  :
                                      :
            Defendant.                :
----------------------------------------------------------x

# OPINION REGARDING COMMUNICATIONS NETWORK INTERNATIONAL, LTD'S OBJECTION TO WORLDCOM, INC.'S PROPOSED ORDER

A P P E A R A N C E S

STINSON MORRISON HECKER LLP
Attorneys for Plaintiff
1201 Walnut Street
Kansas City, MO 64106

      Mark A. Shaiken, Esq.
            Of Counsel

FLAMM, BOROFF & BACINE, P.C.
Attorneys for Defendant
794 Penllyn Pike
Blue Bell, PA 19422

      W. Mark Mullineaux, Esq.
            Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

This opinion addresses a dispute as to how interest should be calculated that arose between WorldCom Communications, Inc. and its subsidiaries (the "Debtors" or "WorldCom") and Communications Network International, Ltd. ("CNI") subsequent to the Court issuing an opinion awarding damages to WorldCom. This opinion presumes a familiarity with the facts and the procedural history of the case as set forth in the Court's previous opinions.[1]

On April 30, 2008, the Court issued an opinion following a damages trial awarding actual damages, interest, and attorneys' fees to WorldCom. The opinion stated that WorldCom is entitled to assess a 1.5% interest rate per month on CNI's past due balances. The opinion did not specify the basis upon which the interest should be computed. *In re WorldCom, Inc.* 2008 WL 1885623, at *15 (Bankr. S.D.N.Y. April 30, 2008).

On May 19, 2008, WorldCom presented a revised[2] proposed order reflecting what CNI owed it based upon the Court's April 30, 2008 opinion. In that proposed order, WorldCom determined that CNI owed it "$1,771,588.50 for interest to May 29, 2008, and interest at the rate of $1,109.01 per diem to the date of judgment for a total interest

---

[1] *See MCI WorldCom Commc'ns, Inc. v. Commc'ns Network Int'l, Ltd.* (*In re WorldCom, Inc.*), No. 02-13533 (AJG), Adv. Proc. No. 04-04338 (AJG), 2006 WL 693370 (Bankr. S.D.N.Y. Mar. 13, 2006), *leave to appeal denied*, 358 B.R. 76 (S.D.N.Y. Dec. 6, 2006); *MCI WorldCom Commc'ns, Inc. v. Commc'ns Network Int'l, Ltd.* (*In re WorldCom, Inc.*), No. 02-13533 (AJG), Adv. Proc. No. 04-04338 (AJG), 2007 WL 1989262 (Bankr. S.D.N.Y. July 9, 2007); *MCI WorldCom Commc'ns, Inc. v. Commc'ns Network Int'l, Ltd.* (*In re WorldCom, Inc.*), 378 B.R. 745 (S.D.N.Y. Dec. 7, 2007); *MCI WorldCom Commc'ns, Inc. v. Commc'ns Network Int'l, Ltd.* (*In re WorldCom, Inc.*), __ B.R. __, No. 02-13533 (AJG), Adv. Proc. No. 04-04338 (AJG), 2008 WL 1885623 (Bankr. S.D.N.Y. April 30, 2008).

[2] WorldCom submitted a revised proposed order to account for the interest to be awarded on the date the judgment was entered. The revised order contains a blank line as opposed to a specific interest amount.

amount of _____." (Order Awarding Damages to WorldCom 2.) CNI had until May 28, 2008 to object.

By letter addressed to the Court and also sent to WorldCom dated May 22, 2008, CNI argues that WorldCom improperly calculated the amount of interest CNI owes it because WorldCom calculated the interest on a compound basis, meaning WorldCom assessed "interest on interest," "every single month that interest was applied, interest was also applied to previous interest on the account." (CNI May 22, 2008 Letter 1-2.) CNI asserts that neither the sample January 2, 1999 invoice that WorldCom submitted as evidence at the damages trial on February 19, 2008 nor the Court's opinion provides for daily or monthly compound interest. Specifically, CNI contends, "[T]he proper amount of interest starting November 1, 1999 through the date of judgment of April 30, 2008 is $732,240.41. That is based on the monthly interest of $7,178.83 ($478,588.51 x 1.5% per month) x 102 months. The time that elapsed between November 1, 1999 and April 30, 2008 is 8.5 years or 102 months." (CNI May 22, 2008 Letter 2).

In response, WorldCom filed its memorandum in support of entry of order submitted by notice of presentment on May 30, 2008. In its pleading, WorldCom makes several arguments as to why the Court should reject CNI's contentions. First, WorldCom argues that the evidence at trial as to interest owed was uncontroverted and can not be challenged at this time. WorldCom states that CNI has never asserted that WorldCom inaccurately calculated the interest nor has CNI refuted its methodology. Further, WorldCom asserts that the Court awarded interest in an amount consistent with the evidence WorldCom submitted and that the Court did not reject WorldCom's

methodology. WorldCom also states that exhibit WC-5 submitted at trial clearly provides for compound interest.

WorldCom asserts that CNI is trying to reopen the record to argue matters not previously argued and to offer new evidence in the guise of new contract interpretation. WorldCom notes that in order for CNI to raise the interest calculation issue, CNI would have to either file a motion to set aside the judgment or the Court could view CNI's letter dated May 22, 2008 as an informal motion to reopen the trial.

WorldCom argues that there is no basis for the Court to reopen the case to consider new arguments and evidence. WorldCom contends that it has asserted at all times that it is entitled to accrued and accruing interest and that CNI could have conducted discovery in order to determine the amount of interest WorldCom sought. WorldCom asserts that CNI did not object to WorldCom's claim for interest in the pre-trial order nor did CNI dispute the calculation method. Further, WorldCom contends that CNI did not contest WorldCom's trial witness's testimony as to interest owed or the calculation method. In addition, WorldCom asserts that it served exhibit WC-5 on CNI eleven days before the trial and the exhibit clearly indicates that WorldCom calculated the interest owed on a compound basis. WorldCom states that CNI never objected to the exhibit's submission as evidence. (WorldCom Mem. Supp. Entry Order 3-5).

Second, WorldCom argues that the agreements provide for compound interest. WorldCom states the tariffs (the Interstate Domestic Telecommunications Services Tariff (the "Domestic Tariff") and the International Message Telecommunications Services Tariff (the "International Tariff"), together, the "Tariffs") provide that interest accrues "upon any unpaid balance," not just on the principal portion or the invoiced amount at

issue. WorldCom states that the invoices provide that "past due portions of your total amount due are subject to a monthly service charge of 1.5000 percent," not that the service charge accrues on only a portion of the past due portion, or something less than the total amount due. Further, WorldCom contends that the terms: "balance" means "the sum still outstanding on an account," "balance due" on a claim includes the balance of the debt, interest, and costs, and "balance due" in an invoice has been construed to provide for monthly compounding interest. WorldCom argues that the term "balance" in the Tariffs includes all amounts owing, including interest, and permits compound interest on a monthly basis. (WorldCom Mem. Supp. Entry Order 6-7).

Third, WorldCom argues that Mississippi law permits compound interest. WorldCom states section 75-17-1 of the Mississippi Code governs the assessment of interest or finance charges, permitting a creditor to assess finance charges agreed to in writing by the parties using the "actuarial method," which means compounding. (Mem. Supp. Entry Order 7).

In response, CNI reiterates that the parties' contract does not explicitly state that CNI is obligated to pay compound interest on a monthly basis. (Mem. Resp. WorldCom's Mem. Supp. Entry Order 2.) Further, CNI argues that neither Mississippi case law nor statute permits WorldCom to compound interest.

Although the parties requested a hearing on the instant matter, the Court has determined that a hearing on CNI's objection is not necessary.

**DISCUSSION**

CNI had several opportunities to obtain clarification as to whether the interest was to be computed simple or compound. For example, WorldCom requested interest in its complaint (Compl. 3-4), in the pre-trial order where WorldCom specifically stated "plus accrued and accruing interest" (Pre-Trial Order 3), and in its memorandum of law in support of motion *in limine* (Mem. Supp. Mot. *in Limine* 2). Additionally, WorldCom submitted documents titled "CNI Spreadsheet," "Other Charges," and "Interest Calculation" as evidence (exhibit WC-5) at trial. Specifically, the Interest Calculation chart clearly computed the monthly interest rate of 1.5% on a compound basis on CNI's account balance of $480,030.45 from November 1,1999 to February 19, 2008. WorldCom states that it served the trial exhibits on CNI eleven days before trial. (Mem. Supp. Entry Order 5.) Eleven days provided CNI with more than enough time to raise an objection to WorldCom's interest calculation method and the interest amount stated in the chart. CNI did not object to the submission of the exhibit at trial either. (Damages Trial Tr. 40:19-23, February 19, 2008.) Nonetheless, for the sake of completeness, the Court will address CNI's contentions.

Under the Mississippi statute authorizing pre-judgment interest on a contract, the statute authorizes computation based upon the "actuarial method," meaning on a compound basis, and also authorizes written contracts for a finance charge different from the legal rate of interest as provided by the section or authorized by law. Miss. Code Ann. § 75-17-1; Mississippi Law of Damages § 7:11 (3d ed. 2007); *Stovall v. Ill. Cent. Gulf R.R. Co.*, 722 F.2d 190, 191-192 (5th Cir. 1984). Here, the WorldCom Rebiller Service Agreement, the parties' contract, and the Tariffs governed the parties'

relationship. Accordingly, as rightfully asserted by CNI, the terms of the parties' contracts determine whether the interest computation is simple or compound.

As stated in the Court's opinion, "paragraph B.6.3 of the Domestic Tariff states '[a]ccounts not paid within thirty (30) days from the due date stated on the bill will be considered delinquent. Delinquent payments may result in the imposition of a late fee at the rate of one and one-half percent (1.5%) of the unpaid balance per month . . . .'" *In re WorldCom, Inc.*, 2008 WL 1885623, at *15. Similarly, "paragraph 2.2.6.1(B) of the International Tariff states '[b]ills are due and payable upon receipt. Interest at the lesser of (1) the rate of one and one-half (1.5) percent per month . . . shall accrue upon any unpaid balance commencing thirty (30) days after the date of the bill first sent for the unpaid amount.'" *Id*. Also, a sample invoice of January 2, 1999 submitted as evidence at trial states "'[p]ast due portions of your total amount due are subject to a monthly service charge of 1.500 percent.'" *Id*.

Mississippi case law interpreting contractual language relating to how interest should be computed is minimal. In *Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, the Fifth Circuit awarded compound interest based upon contract language that stated: "If payment is not made within such time, the unpaid balance shall bear interest monthly at the rate of twelve percent (12%) per annum . . . ." 40 F.3d 1474, 1488 (5th Cir. 1995); *Greenville Riverboat, L.L.C. v. Less, Getz & Lipman, P.L.L.C.*, 131 F. Supp. 2d 842, 849 (S.D.Missi. 2000). In its analysis, the Fifth Circuit found *Texon Energy Corp. v. Dow Chem. Co.*, 733 S.W.2d 328 (Tex.App.-Houston [14th Dist.] 1987) persuasive. The Fifth Circuit stated that the *Texon* court awarded compound interest based upon contractual language similar to the language in *Exxon*, "'If payment is not made within such time,

7

the unpaid balance shall bear interest monthly at the rate of twelve percent (12%) per annum'" and "rejected the argument that the term *unpaid balance* referred to the unpaid *principal* balance because it believed that such a construction rendered the term monthly 'totally meaningless.'" *Id*. at 1489 (emphasis in original).

In *Greenville Riverboat L.L.C.*, the Southern District Court of Mississippi (the "Mississippi District Court") awarded simple interest based upon a promissory note that stated: "'[Rainbow] hereby promises to pay Greenville Marine Corporation the sum of $250,000.00, together with eleven percent (11%) interest per annum from date due on demand.'" 131 F. Supp. 2d at 849. The Mississippi District Court stated that the court could not reasonably determine that the promissory note language was analogous to the contractual language stated in *Exxon* and reasoned that the Fifth Circuit awarded compound interest in *Exxon* due to the term "monthly" in the contractual language, which was not included in the promissory note at issue before the Mississippi District Court.

In *Cent. States Health & Life Co. of Omaha, Neb. v. Brewer*, the Fifth Circuit awarded simple interest based upon an insurance policy that stated: "If we do not comply with the requirements of this provision we will pay interest on accrued benefits at a rate of 1-1/2% per month on the amount of the claim . . . ." 110 Fed.Appx. 370, 371, No. 03-61079, 2004 WL 1739445, at *1 (C.A.5 (Miss.), August 4, 2004) (per curiam). In reaching its conclusion, the Fifth Circuit stated that the policy provided for interest only on the "accrued benefits" or the "amount of the claim." The policy did not state that interest is owed on that interest or that interest is owed on the balance due, citing its decision in *Exxon*. *Id*.

In the instant case, the contractual language providing for interest is analogous to the contractual language in *Exxon Corp.* Neither the contractual language in *Greenville Riverboat* or *Cent. States Health & Life Co. of Omaha, Neb.* stated that interest was owed on the unpaid balance as in the instant case. In *Cent. States Health & Life Co. of Omaha, Neb.*, the Fifth Circuit suggested that had the insurance policy contained language contemplating "interest owing on interest" or stated "interest owing on the balance due," it may have awarded compound interest as evidenced by its citation to *Exxon* where it awarded compound interest. Further, the terms "unpaid balance" within the contextual language of the Tariffs and "past due portions of your total amount due" in the invoices, "impl[y] an amount that could include charges other than the original invoice amount." *Phibro Animal Health U.S., Inc. v. Cornerstone AG Products,* No. 03-2664 (GEB), 2006 WL 3733022, at *3 (D.N.J., December 18, 2006). As such, for each month CNI failed to pay its bill by the due date, the past due balance increased by 1.5%. *Id*.

## CONCLUSION

Accordingly, the Court finds that the contractual language clearly and unambiguously provides for monthly compound interest. WorldCom is entitled to interest at the rate of 1.5% per month calculated on a compound basis from November 1, 1999 to the date of judgment.

Dated: New York, New York
        June 18, 2008

                              **s/Arthur J. Gonzalez**
                              UNITED STATES BANKRUPTCY JUDGE